IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANTHONY T.P. CHRISTOPHER, :
:
    Petitioner, :
:
v. : Civil Action No. 16-393-RGA
:
DAVID PIERCE, Warden, and :
IMMIGRATION AND :
NATURALIZATION SERVICE, :
:
    Respondents. :
:

## MEMORANDUM OPINION

Anthony T.P. Christopher. *Pro se* Petitioner.

October 4, 2016
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Presently pending before the Court is Petitioner Anthony T.P. Christopher's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (D.I. 1) For the reasons discussed, the Court will dismiss the Petition without prejudice.

I. **BACKGROUND**

The relevant background facts are set forth below:

In March 2002, a Delaware Superior Court jury found Petitioner guilty of first degree assault, first degree reckless endangering, and two counts of possession of a firearm during the commission of a felony ("PFDCF") for shooting two people in a New Castle nightclub. The Superior Court sentenced Petitioner in June 2002 to a total of twenty-three years at Level V incarceration, suspended after seven years for decreasing levels of supervision. The Delaware Supreme Court affirmed Petitioner's convictions on June 9, 2003.

On January 18, 2008, after he completed the Level V portion of his sentence, Petitioner was extradited to Bell County Jail in Texas to face pending matters there. He posted a $5,000 bond on March 2, 2008, and was released from custody in Texas. Following his release, Petitioner was expected to return to Delaware to begin the Level IV-Halfway House portion of his sentence within seven days. He did not do so. On July 1, 2008, the Killeen Texas Police Department arrested Petitioner for possession of marijuana. He posted bail a day later and was released from custody.

On January 15, 2009, the Delaware Department of Correction charged Petitioner with a violation of probation ("VOP"), and the Superior Court issued a capias. The capias was returned in October 2011. On October 20, 2011, the Superior Court found Petitioner in violation of his probation and sentenced him to a total of seven years at Level V incarceration, followed by probation. Petitioner did not appeal. Instead, he filed a motion for sentence modification/reduction on January 20, 2012, which the Superior Court denied on September 6, 2012. Petitioner did not appeal.

On October 19, 2012, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Delaware Superior Court denied the Rule 61 motion on July 24, 2013, and Petitioner did not appeal that decision.

On May 9, 2014, Petitioner filed a second motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("second Rule 61 motion"). The Superior Court denied the second Rule 61 motion as procedurally barred, and the Delaware Supreme Court affirmed that decision on April 13, 2015.

*Christopher v. Pierce*, 2016 WL 3547949, at *1 (D. Del. June 27, 2016)(internal citations omitted).

In June 2015, Petitioner filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, challenging his VOP conviction. The Court denied the § 2254 Petition as time-barred on June 27, 2016. *See Christopher*, 2016 WL 3547949, at *4. Petitioner filed the instant § 2241 Petition on May 26, 2016.

## II.   LEGAL STANDARD

A federal habeas petition must "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. Rule 2(c), foll. 28 U.S.C. § 2254 (applicable to § 2241 petitions through Rule 1(b)). A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.

## III.  DISCUSSION

In the instant § 2241 Petition, Petitioner asserts that he "was informed by state DOC officials that he will be deported to Panama upon his release from this prison in about 17 months from this date." (D.I. 1-1 at 9) Petitioner explicitly states that "[t]his is not an attack of [his] conviction or sentence for purposes of the AEDPA." (D.I. 1 at 5) Rather, he challenges the immigration "Deportation Detainer/Order" lodged against him on the ground that he automatically derived United States citizenship by virtue of his June 10, 1974 birth in the Panama Canal Zone under 8 U.S.C. § 1403(a).[1] (D.I. 1 at 5; D.I. 1-1 at 9)

---

[1] The State Court Record from Petitioner's prior § 2254 proceeding, *Christopher v. Pierce*, Civ. A. No. 15-511-RGA, contradicts Petitioner's current contention that he is a legal citizen of the United States. First, Petitioner's VOP transcript contains Petitioner's statement that "I'm not even a citizen." *Id.* at D.I. 11 at 95. The transcript also contains the Probation Officer's

2

The United States Code provides, in relevant part, "Any person born in the Canal Zone on or after February 26, 1904, and whether before or after the effective date of this Act, whose father or mother or both at the time of the birth of such person was or is a citizen of the United States," is declared to be a United States Citizen. 8 U.S.C. § 1403(a). Petitioner asserts that his mother was a United States citizen at the time of his birth, and his father was serving in the United States Army and stationed at Ft. Davis, Colon, Panama. (D.I. 1 at 5)

### A. Jurisdiction under § 2241

A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The petitioner satisfies the "in custody" requirement if he is "in custody" under the conviction or sentence being attacked in the petition as of the date the petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 491-93 (1989).

Here, Petitioner filed the instant § 2241 Petition while he is still serving his Delaware criminal sentence. However, he explicitly concedes that he is not challenging his VOP conviction but, rather, he is challenging a deportation detainer/final removal order. As explained below, district courts no longer have jurisdiction over § 2241 petitions challenging orders of removal. *See Duvall v. Att'y Gen.*, 436 F.3d 382, 386 (3d Cir. 2006)("The sole means by which an alien may now challenge an order of removal is through a petition for review directed to the court of appeals."). Nevertheless, even if the Court somehow could have jurisdiction under

---

statement that Petitioner has been deported twice before. *Id.* at D.I. 11 at 36. Finally, the motion Petitioner filed for the appointment of counsel in his Rule 61 proceeding in the Delaware Superior Court contains his statement that he "is an illegal citizen of this country." *Id.* at D.I. 11 at 141.

3

§ 2241, Petitioner has not demonstrated that he is being held pursuant to an immigration detainer seeking custody or that he is subject to a final removal order. Consequently, the Court lacks jurisdiction under § 2241 to entertain the instant Petition.

### B. Jurisdiction under REAL ID Act of 2005

The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B., 119 Stat. 231 (the "Act"), which was enacted on May 11, 2005, stripped the district courts of habeas jurisdiction over final removal orders. *See Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 209 (3d Cir. 2005). Section 106 of the Act amended 8 U.S.C. § 1252(a) by adding the following:

> (5) Exclusive means of review
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including **section 2241 of title 28**, or any other habeas corpus provision, and sections 1361 and 1651 of such title, **a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter**, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5)(emphasis added). In addition, § 1252(b)(9) provides that all questions of fact or law that arise from removal proceedings can only be addressed in a petition for review to the appropriate court of appeals. *See id.* at § 1252 (b)(9).

Here, although Petitioner has provided a copy of his birth certificate and his mother's United States passport, he has not provided any documentation regarding a final order of deportation. Interestingly, the Delaware State Court Record in his prior § 2254 habeas case, *Christopher v. Pierce*, Civ. A. No. 15-511-RGA, contains a copy of an "Immigration Detainer – Notice of Action," dated September 15, 2011. *Id.* at D.I. 11 at 35. This Notice of Action states, "You are advised that the action noted below has been taken by the U.S. Department of

Homeland Security concerning the above named inmate of institution," namely, an "[i]nvestigation has been initiated to **determine** whether this person is subject to removal from the United States." *Id.* (emphasis added) The Notice does not state that deportation or removal from the United States has been ordered. In addition, even though Petitioner has included a copy of an April 22, 2016 letter he wrote to the INS requesting a certified copy of the removal order, (D.I. 1-1 at 6-7), he has neither updated the Court regarding the status of this inquiry nor provided the Court with a copy of any final removal order during the four month period the instant Petition has been pending here. In short, given the lack of any evidence that a final order of deportation/removal actually exists, the Court concludes that the instant Petition is premature. *See Asemani v. Att'y Gen. of U. S.*, 140 F. App'x 368, 373 n. 2 (3d Cir. July 22, 2005)(holding that petitioner seeking judicial review of his nationality status prior to a final removal order being entered, "cannot even bring such a petition under today's law.").

Once there is a final removal order, Petitioner's sole method for challenging that order is to file a petition for review in the appropriate court of appeals. *See Jordon v. Att'y Gen.*, 424 F.3d 320, 326 (3d Cir. 2005)("[T]he Act expressly eliminated district courts' habeas jurisdiction over removal orders."); *Duvall*, 436 F.3d at 386. As for transferring the Petition to the appropriate court of appeals, the Court finds that such a transfer is not warranted for two reasons. First, under § 106(c) of the REAL ID Act, transferring a Petition to the appropriate court of appeals is only permitted if the Petition was pending when the REAL ID Act was enacted in 2005, which the instant Petition clearly was not. *See Urquiaga v. Hendricks*, 2012 WL 5304206, at *3 (D. N.J. Oct. 25, 2012). Second, even though 28 U.S.C. § 1631 might provide authority for the Court to transfer the Petition to the appropriate court of appeals, such a transfer would only be permissible when it is in the interest of justice to do so. Given the lack of evidence that a final

reviewable order exists for the appropriate court of appeals to review, the Court concludes that such a transfer is not warranted. Accordingly, the Court will dismiss the instant § 2241 Petition without prejudice to Petitioner's right to file a petition in the appropriate court of appeals once there is a final order of removal.

### C. Pending Motion

During the pendency of this proceeding, Petitioner filed a Motion to Appoint Counsel. (D.I. 3) Having determined that it must dismiss the Petition for lack of jurisdiction, the Court will dismiss the Motion as moot.

### IV. CONCLUSION

Based on the foregoing, the Court will dismiss the instant § 2241 Petition without prejudice. The Court also declines to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). An appropriate Order follows.